Fill in this information to identify your case

| | |
|---|---|
| Debtor 1 | **Harvey Bandy, Jr.** |
| | Name: First   Middle   Last |
| Debtor 2 | **Ann Bandy** |
| (Spouse, if filing) | Name: First   Middle   Last |
| Case number: | **19-82246** |
| (If known) | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

## Part 2   Plan Payments and Length of Plan

**2.1**   Debtor(s) will make regular payments to the trustee as follows:

**$650** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2**   Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☑   Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:
   **Bunge North America, Inc.**
☐   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment)

**2.3**   **Income tax refunds and returns.** *Check one.*

- [✓] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows: _____
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

2.4 **Additional Payment** *Check all that apply.*
- [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5 **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3 Treatment of Secured Claims

3.1 **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [✓] Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Mr. Cooper | 826 Longbow Dr. SW Decatur, AL 35603 | $133,373.00 | $948.00 Disbursed by: **Debtor** To Begin: 1 | $3,792.00 | | $77.00 | |

3.2 **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- [✓] The claims listed below:
  1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
  2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
  3. are fully secured.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

  The holder of any claim listed below will retain the lien until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Consumer Portfolio Svc | $54.00 | $9,030.00 | 2013 Chrysler 200 | $5,450.00 | 5.25% | $184.00 | |
| Global Lending Services LLC | $88.00 | $13,899.00 | 2018 Nissan Versa | $8,812.50 | 5.25% | $283.00 | |
| Santander Consumer USA | $18.00 | $1,793.00 | 2004 Oldsmobile Alero | $1,862.50 | 5.25% | $37.00 | |

3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance. *Check all that apply.*

☑ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 Surrender of collateral. *Check one.*

☑ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4. Treatment of Fees and Priority Claims

4.1 General

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2 Chapter 13 case filing fee. *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3 Attorney's fees.

The total fee requested by Debtor(s)' attorney is **$3,500.00**. The amount of the attorney fee paid prepetition is **$119.00**.
The balance of the fee owed to Debtor(s)' attorney is **$3,381.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4 Priority claims other than attorney's fees and domestic support obligations. *Check one.*

☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $500.00 | | |
| State of Alabama Department of Revenue | $2,100.00 | | |

4.5 Domestic support obligations. *Check one.*

☑ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5. Treatment of Nonpriority Unsecured Claims

5.1    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2    **Percentage, Base, or Pot Plan.** *Check one.*

☐    100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐    Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐    Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑    Base Plan. This plan proposes to pay $ **39,000.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3    **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4    **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

**Part 6:    Executory Contracts and Unexpired Leases**

6.1    **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2    **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**Part 7:    Sequence of Payments**

7.1    Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

**Part 8:    Vesting of Property of the Estate**

8.1    **Property of the estate will vest in Debtor(s)** *(check one)*:

☑    Upon plan confirmation.

☐    Upon entry of Discharge

**Part 9:    Nonstandard Plan Provisions**

☑    **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

**Part 10:    Signatures:**

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

| Debtor | Harvey Bandy, Jr. | Case number | 19-82246 | Eff (01/01/2019) |
|---|---|---|---|---|
| | Ann Bandy | | | |

X  /s/ Harvey Bandy, Jr.                                  Date    **August 12, 2019**
    Harvey Bandy, Jr.

X  /s/ Ann Bandy                                          Date    **August 12, 2019**
    Ann Bandy

**Signature of Attorney for Debtor(s):**
X  /s/ John C. Larsen                                     Date    **August 12, 2019**
    John C. Larsen
    1733 Winchester Road
    Huntsville, AL 35811
    256-859-3008

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re: Harvey Bandy Jr. )
SSN: XXX-XX-6700 )
Ann Bandy ) Case No. 19-82246-CRJ13
SSN: XXX-XX-3951 ) Chapter 13
)
Debtor(s) )

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the Chapter 13 Plan has been served upon all creditors listed on the matrix electronically or by depositing copies for the creditors listed below in the United States Mail, properly addressed and postage prepaid, on this the 12th day of August, 2019.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 12th day of August, 2019.

/s/ John C. Larsen

Label Matrix for local noticing
1126-8
Case 19-82246-CRJ13
NORTHERN DISTRICT OF ALABAMA
Decatur
Mon Aug 12 16:18:41 CDT 2019

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

AFS/AmeriFinancial Solutions, LLC.
Po Box 65018
Baltimore, MD 21264-5018

Acceptance Now
Attn: Bankruptcy
5501 Headquarters Drive
Plano, TX 75024-5837

Afni, Inc.
Attn: Bankruptcy
Po Box 3427
Bloomington, IL 61702-3427

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

(p)CASH EXPRESS LLC
345 SOUTH JEFFERSON AVENUE SUITE 300
COOKEVILLE TN 38501-3456

Consumer Portfolio Svc
Attn: Bankruptcy
Po Box 57071
Irvine, CA 92619-7071

DECATUR ORTHOPEDIC CLINIC
C/O SMITH, ROUCHON & ASSOC
1110 BRADSHAW DR
FLORENCE, AL 35630-1438

ERC/Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256-7412

ERC/Enhanced Recovery Corp
Po Box 57547
Jacksonville, FL 32241-7547

Eastern Account System, Inc.
Attn: Bankruptcy
Po Box 837
Newtown, CT 06470-0837

Family Security Credit
Attn: Bankruptcy
2204 Family Security Place, Sw
Decatur, AL 35603-5500

First PREMIER Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

First Southern Financial
P.O. Box 1168
Decatur, AL 35602-1168

(p)GLOBAL LENDING SERVICES LLC
1200 BROOKFIELD BLVD STE 300
GREENVILLE SC 29607-6583

Internal Revenue Service
P.O Box 7346
Philadelphia, PA 19101-7346

Merchants Adjustment Service
Attn: Bankruptcy
56 North Florida St
Mobile, AL 36607-3108

Mr. Cooper
Attn: Bankruptcy
8950 Cypress Waters Blvd
Coppell, TX 75019-4620

Oknsinc
Po Box 691
Pelham, GA 31779-0691

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Redstone Fcu
220 Wynn Dr
Huntsville, AL 35814

Santander Consumer USA
Attn: Bankruptcy
10-64-38-Fd7 601 Penn St
Reading, PA 19601-3544

Service Loan
Po Box 2935
Gainesville, GA 30503-2935

Service Loan Company
909 6th Avenue SE Ste C
Decatur, AL 35601-3966

Sirote & Permutt PC
PO Box 55727
Birmingham, AL 35255-5727

State of Alabama Department of Revenue
50 North Ripley St.
Montgomery, AL 36132-0001

Summitactres
Po Box 131
Champlin, MN 55316-0131

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
PO Box 248848
Oklahoma City, OK 73124-8848

| | | |
|---|---|---|
| Unitfinserv<br>Po Box 5595<br>Decatur, AL 35601-0595 | World Acceptance Corp<br>Attn: Bankruptcy<br>Po Box 6429<br>Greenville, SC 29606-6429 | Ann Bandy<br>826 Longbow Drive SW<br>Decatur, AL 35603-1320 |
| Harvey Bandy Jr.<br>826 Longbow Drive SW<br>Decatur, AL 35603-1320 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Cash Express, LLC<br>345 South Jefferson Avenue, Suite 300<br>Cookeville, TN 38501 | Global Lending Services LLC<br>Attn: Bankruptcy<br>Po Box 10437<br>Greenville, SC 29603 | Portfolio Recovery<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Nationstar Mortgage LLC d/b/a Mr. Cooper

End of Label Matrix
Mailable recipients    35
Bypassed recipients     1
Total                  36